### Inhabitants of Leominster *vs.* Fitchburg and Worcester Railroad Company.

Stockholders in a bank which holds shares of a railroad company pledged to it as collateral security by a person in good credit and fair standing are not disqualified by reason of interest from acting as arbitrators in a case in which the railroad company is a party.

If an award of arbitrators states that they after due notice met the several parties and their counsel and heard their several pleas and allegations, the legal presumption is that they also heard all the legal proofs offered by either party, unless the contrary appears, although it is not explicitly stated in the award.

An award which states that the arbitrators "decide the case in favor of the defendants, and the costs of reference taxed — seventy-five dollars, and the costs of court taxed by the court, and all costs paid by the plaintiffs," is void for uncertainty as to the costs; but the residue of the award may be accepted.

Tort to recover damages and costs which the plaintiffs had been compelled to pay to certain persons for injuries sustained by them in consequence of a defect in a highway in Leominster, the plaintiffs alleging that the defendants caused the defect.

The action was referred under rule of court to three arbitrators, the majority of whom made the following award:

"Be it remembered that on this 6th day of November A. D. 1862, we, the referees named in the award and rule, after due notice, met the several parties and their counsel at the town-hall in Leominster, and, after hearing their several pleas and allegations in the above case, we, the undersigned, being a majority of the referees, (Mr. Going not agreeing with us,) decide the case as follows, viz: In the action of the inhabitants of the town of Leominster against the Fitchburg and Worcester Railroad Company we decide the case in favor of the defendants, and the costs of reference taxed — seventy-five dollars, and the costs of court taxed by the court, and all costs paid by the plaintiffs, the

inhabitants of the town of Leominster. Leominster, November 6th 1862."

The other arbitrator certified upon the award that he was present at the hearing, but did not agree in the decision.

The defendants moved to have the award accepted, to which the plaintiffs objected. At the hearing upon this motion, in the superior court, before *Rockwell*, J., it appeared that the two arbitrators who signed the award were stockholders in and directors of the Fitchburg Bank; and at the time of the selection of the arbitrators and of the making of the award one Blood was indebted to the bank in the sum of $6000 on his own notes, and had transferred to the bank as collateral security seventy-two shares of the capital stock of the defendants. Blood was a man in good credit and of fair standing, and the arbitrators testified, against the objection of the plaintiffs, that they were ignorant of the pledge. It was agreed that no person should be an arbitrator who owned stock of the defendants.

Upon these facts, the judge ordered that the award should be set aside ; and the defendants alleged exceptions.

*N. Wood & G. A. Torrey*, for the defendants. The interest of the two arbitrators was too minute to disqualify them from acting in that capacity. *Hathaway* v. *Crocker*, 7 Met. 262. *Luke* v. *Leland*, 6 Cush. 259. *Barney* v. *Newcomb*, 9 Cush. 46. *Wilson* v. *Concord Railroad*, 3 Allen, 194. *Morgan* v. *Mather*, 2 Ves. Jr. 15. *Eggleston* v. *Smiley*, 17 Johns. 133. *Manchester Bank* v. *White*, 10 Fost. (N. H.) 456. *Fisher* v. *Towner*, 14 Conn. 26. *Meighen* v. *The Bank*, 25 Penn. State R. 288. Their testimony that they were ignorant of their alleged interest was competent. *Woodbury* v. *Northy*, 3 Greenl. 85. The award was sufficiently certain. *Akeley* v. *Akeley*, 16 Verm. 450. *Butler* v. *Mayor, &c. of New York*, 1 Hill, (N. Y.) 489. *Smith* v. *Smith*, 4 Rand. (Va.) 95. The presumption is that they heard all legal proofs which were offered, unless the contrary appears. *Spence* v. *Eastern Railway*, 7 Dowl. Pract. Cas. 697. *Lutz* v. *Linthicum*, 8 Pet. 165. *Schultz* v. *Halsey*, 3 Sandf. 405. *Rigden* v. *Martin*, 6 Har. & Johns. 403. The award was sufficiently certain as to costs. *Macon* v. *Crump*, 1 Call, (Va.) 500. *Baily* v. *Curling*, 4 Eng

Law & Eq. R. 201. If not, the rest of the award may stand. *Hubbell* v. *Bissell,* 2 Allen, 196. *Caldwell* v. *Dickinson,* 13 Gray, 365. *Shirley* v. *Shattuck,* 4 Cush. 470.

*G. F. Hoar,* for the plaintiffs. The rule which requires absolute impartiality in judges and jurors, (Declaration of Rights, § 29,) should be applied, if possible, with still greater jealousy and strictness to the case of arbitrators; since an arbitrator unites in one person the character of judge, juror and court of final resort. *Boston Water Power Co.* v. *Gray,* 6 Met. 158. *Strong* v. *Strong,* 9 Cush. 573. The testimony of the arbitrators does not remove this objection. The judge does not find as a fact that their testimony was true. And if it was true, an arbitrator's ignorance of his interest does not remove his disqualification. The rule requiring impartiality rests on two grounds : the securing of justice in the decision; and the securing of public respect for the tribunal, and acquiescence and satisfaction in the result. It would be very hazardous to permit an interested arbitrator to support his decision by testifying that he believed that he was impartial; and there is no statement, it is believed, of the rule requiring impartiality, in which the arbitrator's belief or knowledge is mentioned as an element. The parties intended and had a right to have impartial judges. *Fox* v. *Hazelton,* 10 Pick. 277. The award is imperfect in not stating that the arbitrators heard the evidence; and it is unintelligible as to costs. The submission was by rule of court, and the court had a right to recommit it to have these imperfections removed. If the right to recommit exists, the court might also in its discretion refuse to recommit it to interested arbitrators, and leave the cause to be determined by new arbitrators, or by a jury. To the exercise of this discretion no exception lies. *Kinnicutt* v. *Stockwell,* 8 Cush. 73. *Kendall* v. *Weaver,* 1 Allen, 277. *Shea* v. *Lawrence,* Ib. 167. *Gifford* v. *Brownell,* 2 Allen, 534. *Monk* v. *Beal,* Ib. 585. *Rogers* v. *Dallimore,* 1 J. J. Marsh. 471. *Lynge* v. *Jervoise,* 8 East, 466. *Anderson* v. *Coxeter,* 1 Stra. 301. *Byrne* v. *Fitzhugh,* 5 Tyrwh. 221. Caldwell on Arbit. 383, *n.*

METCALF, J. The fact that two of the referees owned stock in the Fitchburg Bank, to which one of its debtors, who was in

good credit and of fair standing, had conveyed shares in the stock of the defendant corporation, as collateral security, does not show that said referees had such an interest in the matter submitted to them as to disqualify them to decide it, even if they had known that the bank held such security. Their interest was too remote and contingent to induce any reasonable suspicion that it could have influenced their decision. It is therefore immaterial whether they were rightly admitted to testify that they did not know that such security was held by the bank.

We cannot hold that the award was properly set aside, for the reason that it is not stated therein that the referees heard the proofs offered by either party. They state in their award that they, " after due notice, met the several parties and their counsel, and, after hearing their several pleas and allegations," decide the case. And it is a legal presumption, until the contrary is proved, that referees hear all the legal proofs offered to them by either party. Their omission to state this explicitly in their award is no cause for setting the award aside.

A majority of the court are of opinion that, as to the costs, the award is void for uncertainty. But the other parts thereof are not thereby affected. This is a case in which, though a part of the award is bad, the remainder may be sustained.

Our decision is, that the award be accepted, and that judgment be rendered thereon for the defendants, without costs, unless a motion shall be made and granted, to recommit the award for amendment by the referees, in the single matter of costs.